**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHERRY A. LITTLEJOHN,

        Plaintiff,

vs.                                 Case No. 3:15-cv-194-J-34JRK

CITIMORTGAGE INC., et al.,

        Defendants.

_____

**O R D E R**

The case is before the Court on Plaintiff's Emergency Motion for Temporary Restraining Order or Preliminary Injunction, Motion to Stay Sale (Doc. 2; Motion), filed on February 20, 2015.  Simultaneously with the Motion, Plaintiff filed a Complaint and Demand for Jury Trial (Doc. 1; Complaint).  Neither the Motion, nor the Complaint are a model of clarity.  Nevertheless, the Court has endeavored to discern Plaintiff's claims.  Regardless of how liberally the Court construes the Complaint and the Motion, Plaintiff's claims appear to be based primarily upon her dissatisfaction with the outcome of foreclosure proceedings to which she has been a party.  See generally Complaint; Motion, Ex. B.  In the Motion, Plaintiff complains that "Defendants have attempted to interfere and are attempting to interfere with [Plaintiff's] rightful possession and fee-simple ownership of the premises at 116 Cedar St., Melrose, Florida 32666, and have otherwise taken adverse action against Plaintiff." See Motion at 2.  Plaintiff contends that Defendants have committed fraud, created and used false documents, misused the legal process and violated various state and federal statutes in pursuing the state foreclosure action against her.  See Motion at 1-2.  As relief, she seeks

a temporary restraining order and preliminary injunction "enjoining Defendants, CitiMortgage, Inc., and Nationstar Mortgage, their employees, agents, successors, or assigns, and attorneys from making any effort to foreclose upon, sell, or further encumber the title to Plaintiff's property, and for such other and additional relief as the Court deems just and equitable . . . ." Id. at 2.  In addition, Plaintiff requests that the Court stay the sale of the property set by order of the state court for March 10, 2015.  Id. at 2-3.  Upon review, the Motion is due to be denied.[1]

Rule 65, Federal Rules of Civil Procedure (Rule(s)), as well as Local Rule 4.05, United States District Court, Middle District of Florida (Local Rule(s)), govern the entry of a temporary restraining order.  Rule 65(b)(1) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition; and
>
> (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Likewise, Local Rule 4.05(b)(2) requires that the motion be accompanied by affidavits or a verified complaint establishing the threat of irreparable injury as well as showing "that such

---

[1]    The undersigned finds a hearing on the Motion is unnecessary, and, as set forth in Rule 4.05(b), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), it can be resolved based on the papers submitted. See Local Rule 4.05(b) ("Due to previously scheduled business it will not ordinarily be possible for the Court to interrupt its daily calendar in order to conduct a hearing or entertain oral presentation and argument incident to an application for a temporary restraining order. The Court's decision, of necessity, will usually be made solely on the basis of the complaint and other supporting papers submitted pursuant to this rule.")

injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible."  In addition, Local Rule 4.05(b)(3) directs that the "motion should also . . . describe precisely the conduct sought to be enjoined."  Moreover, Local Rule 4.05(b)(4) provides that the legal memorandum in support of the motion must address four specific factors, including the likelihood of success, the threatened irreparable injury, potential harm to the opposing parties, and the public interest.

Plaintiff did not provide a verified complaint or an affidavit establishing that she will be immediately and irreparably harmed if Defendants are given an opportunity to be heard in opposition to the requested injunctive relief.[2]  Additionally, Plaintiff does not set forth what efforts, if any, she made to give Defendants notice of this Motion, and also fails to explain why the requested temporary restraining order should be issued without notice.  The Court further notes that Plaintiff does not "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)." See Local Rule 4.05(3)(ii).  Plaintiff also fails to include a memorandum of law in support of her Motion as required by Local Rule 4.05(b)(4).  See Motion at 2.  Although Plaintiff states in a conclusory fashion that she enjoys a "likelihood of success on the merits of her suit and is entitled to equitable relief," she fails to cite to any legal authority in support of this contention.  Id.

Upon review of the Motion and Complaint, the Court finds that Plaintiff fails to establish a substantial likelihood that she will succeed on the merits of her request for injunctive relief.

---

[2]     Although Plaintiff signed the Motion and Complaint, these documents are not verified because Plaintiff did not indicate that she was signing the documents under penalty of perjury.  See 28 U.S.C. § 1746.

Plaintiff asks the Court to enjoin Defendants from foreclosing on the property, and requests that this Court stay the March 10, 2015 sale of the property, set by a Judgment of Foreclosure and Sale entered in state court. See Motion at 2-3. However, "[u]nder the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" See Arthur v. JP Morgan Chase Bank, 569 F. App'x 669, 678 (11th Cir. 2014) (citing 28 U.S.C. § 2283). Plaintiff fails to demonstrate that any of the exceptions to the Anti-Injunction Act apply in this case; therefore, it appears that the Court cannot enjoin or stay the state court's foreclosure proceeding. See id. at 678-79 (affirming dismissal with prejudice of plaintiffs' claim for an injunction prohibiting the foreclosure of their properties); Korman v. Gray, No. 13-80031-CIV, 2014 WL 3695402, at *1 (S.D. Fla. July 24, 2014) (denying plaintiff's request to stay the foreclosure sale of his home); Smith v. Farmer & Merchants Bank, No. 5:14-CV-140(CAR), 2014 WL 1774119, at *4 (M.D. Ga. May 2, 2014); Wideman v. Bank of Am., N.A., No. 3:11-CV-145(CAR), 2011 WL 6749829, at *5-6 (M.D. Ga. Dec. 23, 2011) (holding that plaintiff's request for the court to enjoin the ongoing dispossessory action is barred by the Anti-Injunction Act); see also Ayala v. Rude McClosky Smith Schuster & Russell, PA, No. 1:05-CV-00079-MP-AK, 2005 WL 914750, at *1-2 (N.D. Fla. Apr. 19, 2005) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding."). Because Plaintiff's request for injunctive relief is likely barred by the Anti-Injunction Act, Plaintiff fails to demonstrate a substantial likelihood of success on her claims for injunctive relief.

-4-

Accordingly, for all of the foregoing reasons, the Court finds that Plaintiff's Motion is due to be denied.  See McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011).

In light of the foregoing, it is

**ORDERED**:

Plaintiff's Emergency Motion for Temporary Restraining Order or Preliminary Injunction, Motion to Stay Sale (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 24th day of February, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Unrepresented Party