**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHERRY A. LITTLEJOHN,

    Plaintiff,

vs.                                                     Case No. 3:15-cv-194-J-34JRK

CITIMORTGAGE INC., et al.,

    Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Plaintiff, who is proceeding pro se, initiated the instant action on February 20, 2015, by filing a thirteen-count Complaint and Demand for Jury Trial (Doc. 1; Complaint). Upon review, the Court struck the Complaint as an inappropriate shotgun pleading and gave Plaintiff until March 10, 2015, to file an amended complaint. See Order (Doc. 7), entered February 25, 2015. On March 10, 2015, Plaintiff filed a seven-count First Amended Complaint and Demand for Jury Trial (Doc. 8; Amended Complaint).[1] Upon review, however, the Court determines that the previously

---

[1] The Amended Complaint sets out five separate "Counts," but fails to number the third Count such that they are labeled only I to IV. See Amended Complaint at 5, 10, 11, 13, 14. In addition, although not separately titled, Count I appears to include at least three separate claims. See id. at 5, 7, 9. As such, the Court views the Amended Complaint as a seven-count complaint. Plaintiff is advised that while pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)). Specifically, the Court points Plaintiff to Rule 10(b) of the Federal Rules of Civil Procedure which provides, in pertinent part:
> A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .

Fed. R. Civ. P. 10(b). See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Thus, in the second amended complaint, Plaintiff should set forth each of her claims in a separately titled and properly numbered count.

identified problem persists, and Plaintiff's Amended Complaint is once again due to be stricken.

Plaintiff's Amended Complaint is a shotgun pleading. As the Court previously explained, a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each subsequent count of the seven counts in the Amended Complaint incorporates by reference all allegations of each of the preceding counts. See generally Amended Complaint.

As the Court admonished in its prior Order, in the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the

extent possible under Rule 11, Federal Rules of Civil Procedure ("Rules").  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader.")  (citing Byrne v. Nezhat, 261 F.3d 1075, 1133 (11th Cir. 2001), abrogated on other grounds as recognized by Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011)).

     Accordingly, the Court will direct Plaintiff to file a second amended complaint.  Plaintiff should ensure that the counts in the second amended complaint identify and rely upon the relevant factual allegations and do not seek to incorporate claims raised in preceding counts.  This means that while Plaintiff may re-allege and incorporate the relevant factual allegations into each Count, Plaintiff should not re-allege and incorporate the allegations and claims of each proceeding count.  The Court will require Plaintiff to file the second amended complaint on or before April 2, 2015.  Plaintiff is cautioned that failure to file an amended complaint by this date may result in a dismissal of Plaintiff's claims for failure to prosecute pursuant to Rule 3.10, Local Rules, United States District Court, Middle District of Florida.  Prior to filing a second amended complaint, Plaintiff is directed to carefully review this Order and the Rules in order to ensure compliance.[2]  A second amended complaint that fails to comply with the

---

[2] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules").  The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.  Additional assistance for individuals proceeding pro se may be found at the following website:  http://www.flmd.uscourts.gov/pro_se/default.htm.

Rules or this Order could subject Plaintiff to sanctions, including but not limited to dismissal of Plaintiff's claims.

In light of the foregoing, it is **ORDERED**:

1. Plaintiff's First Amended Complaint and Demand for Jury Trial (Doc. 8) is **STRICKEN**.

2. Plaintiff shall file a second amended complaint consistent with the directives of this Order on or before **April 2, 2015**.  Failure to do so may result in a dismissal of Plaintiff's action.  Prior to filing a second amended complaint, Plaintiff is directed to carefully review this Order and the Rules in order to ensure compliance.   A second amended complaint that fails to comply with the Rules or this Order could subject Plaintiff to sanctions, including but not limited to dismissal of Plaintiff's claims.

3. Defendants shall respond to any amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers on March 20, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro se party