**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SHERRY A. LITTLEJOHN,

        Plaintiff,

vs.                                         Case No: 3:15-cv-194-J-34JRK

CITIMORTGAGE INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on pro se Plaintiff Sherry A. Littlejohn's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3) and Affidavit of Indigency (Doc. No. 4), both filed February 20, 2015, that the Court collectively construes as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 ("Motion"). In accordance with an Order (Doc. No. 12) entered on October 5, 2015, Plaintiff filed a Third Amended Complaint (Doc. No. 13) on November 2, 2015, that is the operative pleading. For reasons discussed below, the undersigned recommends that the Motion be denied and the Third Amended Complaint be dismissed without prejudice.

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

## I. Background

Plaintiff initiated this case on February 20, 2015 by filing a forty-six page Complaint against approximately thirty Defendants, alleging a variety of causes of action and criminal violations in connection with foreclosure proceedings that had been taking place against her.[2] Compl. (Doc. No. 1) at 1, 7.  On February 25, 2015, the Honorable Marcia Morales Howard, United States District Judge, entered an Order (Doc. No. 7) striking the Complaint as an impermissible shotgun pleading.  Plaintiff was directed to file an amended complaint no later than March 10, 2015.  Id. at 2.  Plaintiff was warned that failure to timely file an amended complaint that complied with the directives of the Order "may result in a dismissal of this action."  Id.

Plaintiff's First Amended Complaint and Demand for Jury Trial (Doc. No. 8; "Amended Complaint"), filed March 10, 2015, reduced the number of pages to sixteen and the number of Defendants to four, but it was still an impermissible shotgun pleading because every count incorporated all of the previous ones.  See generally Am. Compl.  As such, Judge Howard entered an Order (Doc. No. 10) on March 20, 2015, striking the Amended Complaint and directing Plaintiff to file a second amended complaint.  Plaintiff was warned that "[a] second amended complaint that fails to comply with the [Federal Rules of Civil Procedure ("Rules")] or this Order could subject Plaintiff to sanctions, including but not limited to dismissal of Plaintiff's claims."  Order (Doc. No. 10) at 4.

---

[2] That same day, Plaintiff filed an "Emergency Motion for Temporary Restraining Order or Preliminary Injunction, Motion to Stay Sale" (Doc. No. 2; "TRO Motion"), in which she sought a stay of the sale of her home that was scheduled to take place on March 10, 2015.  The Court denied the TRO Motion on February 24, 2015.  See Order (Doc. No. 6).  In so ruling, the Court noted that "[n]either the [TRO] Motion, nor the Complaint are a model of clarity," and that "Plaintiff's claims appear to be primarily based upon her dissatisfaction with the outcome of foreclosure proceedings to which she has been a party."  Id. at 1.

Plaintiff's Second Amended Complaint and Demand for Jury Trial (Doc. No. 11; "Second Amended Complaint"), filed April 3, 2015, named four Defendants and contained sixteen counts. While the counts no longer specifically incorporated all previous counts, the Second Amended Complaint still made it difficult to decipher which Defendants are responsible for which alleged conduct, particularly because most of the counts referred generally to "Defendants," even if the counts described actions and conduct that could not have been done by all named Defendants.[3]  The allegations in the Second Amended Complaint also contained inconsistencies, including as to whether a certain law firm Defendant was indeed a debt collector.[4]

Noting these deficiencies, the undersigned entered an Order (Doc. No. 12) on October 5, 2015, taking the Motion under advisement and "allow[ing] Plaintiff a final opportunity to correct the[] deficiencies and attempt to state (a) claim(s) on which relief may be granted against Defendants."  Order (Doc. No. 12) at 5, 7.  Plaintiff was directed to file a Third Amended Complaint no later than November 2, 2015, or alternatively to pay the $400 filing fee, and Plaintiff was advised that prior Complaints would no longer be considered. Id. at 7-8.

---

[3] For example, in Counts I and XII of the Second Amended Complaint, Plaintiff alleged all Defendants (two financial institutions and two law firms) illegally entered and burglarized her home. 2d Am. Compl. at 5, 13.

[4] Plaintiff represented in one section of the Second Amended Complaint that both law firms named as Defendants "qualif[ied] as debt collectors," and apparently were being sued as such under the FDCPA and the FCCPA. 2d Am. Compl. at 4; see also id. at 13. Yet, in another section of the Second Amended Complaint, Plaintiff recognized that Burr & Forman, LLP is the law firm that represents Defendant Citimortgage, Inc. in her foreclosure action, and the law firm sent Plaintiff a letter specifically advising her that it is "not attempting to collect a debt from [Plaintiff]." Id. at 12 (purportedly quoting the letter).

Following the October 5, 2015 Order, Plaintiff timely filed the Third Amended Complaint (Doc. No. 13) that is currently under consideration.

## II.  Legal Standard

A court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted).  While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).

A court receiving an application to proceed in forma pauperis, however, must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328. Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id.

(quotation and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

### III. Discussion

Because it appears from the Motion that Plaintiff may be financially unable to pay the filing fee, the Court now considers the sufficiency of Plaintiff's Third Amended Complaint. Overall, the undersigned finds that while the Third Amended Complaint contains certain improvements over previous versions,[5] it is seriously deficient nonetheless.

The Third Amended Complaint includes thirteen separate counts, beginning with an unnumbered count ("Unnumbered Count") that is followed by Counts I-XII. These counts are addressed below in the following groupings: (1) those based on essentially criminal statutes (Counts I-IX and XII); (2) those based on the United States Constitution (Count XI and the Unnumbered Count); and (3) one based on the Fair Debt Collection Practices Act Claim ("FDCPA") (Count X).

### A. Counts Based on Criminal Statutes (Counts I-IX and XII)

Nine of the thirteen counts in the Third Amended Complaint (Counts I-IX) are clearly frivolous because they are based on either state or federal criminal statutes, which generally "provide no basis for civil liability." Otto v. Hillsborough Cty., Fla., No. 8:12-cv-1515-T-33TGW, 2013 WL 2456095, at *4 (M.D. Fla. June 6, 2013) (unpublished)

---

[5] Among the problems in previous versions that Plaintiff has redressed in the Third Amended Complaint, Plaintiff now lists particular Defendants in each count, rather than referring only to Defendants generally. See generally 3d Am. Compl. Plaintiff also no longer incorporates preceding counts within later counts. See id. at 7-20.

(citation omitted). Count XII is a possible exception, in that it asserts a claim against "[a]ll Defendants" pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, specifically 18 U.S.C. § 1962. See 3d Am. Compl. at 19-20. Civil causes of action are available under the RICO Act. See Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006).[6]

Plaintiff's allegations supporting Count XII, however, are purely conclusory, lacking any facts to plausibly establish a RICO Act violation. See 3d Am. Compl. at 19-20. Plaintiff alleges, for instance, "Defendants committed a series of individual wire fraud actions, with at least two of predicated acts of wire fraud in furtherance of a scheme to defraud," id. at 19, but Plaintiff provides nothing more specific regarding the nature of these transactions. These general allegations are particularly deficient in light of the requirement that a civil RICO claim based on predicate acts of mail and wire fraud "comply not only with the plausibility criteria articulated in Twombly and Iqbal but also with [Rule] 9(b)'s heightened pleading standard, which requires that '[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (quoting Fed. R. Civ. P. 9(b)). Because Plaintiff's allegations fall far short of this standard, Count XII also fails to state a claim for relief.

**B. Constitutional Claims (Count XI and the Unnumbered Count)**

Of Plaintiff's two constitutional claims, Count XI is a Fourth Amendment claim against Defendant CitiMortgage, Inc. for "malicious prosecution," 3d Am. Compl. at 18, while the

---

[6] "[I]n order to establish a federal civil RICO violation under § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams, 465 F.3d at 1282 (internal quotation and citation omitted).

Unnumbered Count is a Fourteenth Amendment claim for "procedure [sic] abuse of Due Process" against seven Defendants, id. at 7 (emphasis and some capitalization omitted). The seven Defendants are the following mortgage companies, law firms, and private attorneys: CitiMortgage, Inc.; Nationstar Mortgage, LLC; the law firm Shapiro, Fishman & Gache, LLP; the law firm Burr & Forman, LLP; Nicholas Agnello, Esq.; Matthew Sikes, Esq.; and Kevin Davis, Esq. Id. at 7; see id. at 2-5 (list of all Defendants in the Third Amended Complaint).

As with other counts in the Third Amended Complaint, Count XI and the Unnumbered Count relate to a state foreclosure proceeding allegedly litigated by Defendants based on fraudulent documents. See id. at 7-8, 18-19. Plaintiff does not, however, allege that Defendants are state actors. Because the Fourth and Fourteenth Amendments both apply only to government action, not purely private conduct, these two counts have no legal basis and therefore are frivolous. See Jagla v. Lasalle Bank, 253 F. App'x 597, 599 (7th Cir. 2007) (unpublished); Ridley v. Stewart, No. 307-cv-1173-J-16JRK, 2008 WL 876960, at *4 (M.D. Fla. Mar. 27, 2008) (unpublished); Mills v. Verizon, No. 8:08-CV-00434-T-17-TBM, 2008 WL 4365922, at *3 (M.D. Fla. Sept. 23, 2008) (unpublished).

### C. FDCPA Claim (Count X)

Count X is a claim under the FDCPA, 15 U.S.C. § 1692e, against four Defendants: CitiMortgage, Inc.; Nationstar Mortgage, LLC; the law firm Shapiro, Fishman & Gache, LLP; and the law firm Burr & Forman, LLP. 3d Am. Compl. at 17. The FDCPA forbids a "debt collector" to "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "To state a claim under the FDCPA, a

plaintiff must allege (1) he has been the object of collection activity arising from consumer debt; (2) the defendant is a FDCPA debt collector; and (3) the defendant engaged in FDCPA prohibited act or omission." Aluia v. Dyck-O'Neal, Inc., No. 2:15-cv-81-FTM-38DNF, 2015 WL 3719368, at *3 (M.D. Fla. June 15, 2015) (unpublished) (citing Friere v. Aldrige Connors, LLP, 994 F. Supp.2d 1284, 1287 (S.D. Fla. 2014)).

As with the counts discussed above, Count X's allegations concern foreclosure proceedings Defendants initiated against Plaintiff. See 3d Am. Compl. at 17. In addition to asserting that she "has never had a mortgage," Plaintiff alleges that Defendants did the following "[i]n foreclosing on or attempting to foreclose on Plaintiff's home":

- a. Made false, deceptive and misleading representations concerning their standing to sue . . . Plaintiff and its interests in the debt[;]
- b. Falsely represented the status of the debt, in particular, that it was due and owing to Defendants at the time the suit was filed[;]
- c. Falsely represented or implied that the debt was owing to Defendants who have a superior lien and interest, when in fact, the mortgage was not recorded and the public record did not exist[;]
- d. Threatened to take action, namely engaging in collection activities and collection of a foreclosure suit that cannot legally be taken by them; and
- e. Obtained access to state and federal courts to collect on the note and foreclose on the mortgage under false pretenses,
- f. While claiming they were authorized to engage in such activities when in fact they were not.

Id. According to Plaintiff, around December 5, 2014, Defendant Kevin Davis, an attorney for Shapiro, Fishman & Gache, LLP, id. at 3, "efiled a 'Motion To Dismiss action, Discharge Lis Pendens, Vacate Judgment and Return The Original Note and Original Mortgage,'" id. at 17. Plaintiff asserts that filing the motion "was a deceptive practice as they knew Plaintiff was

filing a lawsuit against them and they wanted to remove the forged Notes and Mortgages they had filed in Plaintiff's foreclosure case."[7] Id.

These allegations fail to support an FDCPA claim because they do not plausibly establish that Defendants engaged in debt collection activity.  "[T]he filing of a mortgage foreclosure action will constitute debt collection activity only when the complaint seeks also to collect on the note, that is, to 'demand payment on the underlying debt.'" Freire, 994 F. Supp. 2d 1284, 1287-88 (S.D. Fla. 2014) (quoting Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1217 (11th Cir. 2012)).  Plaintiff's only allegations concerning the underlying debt are that Defendants "[f]alsely represented . . . that [the debt] was due and owing to Defendants at the time the suit was filed" and "[t]hreatened to take action, namely engaging in debt collection activities." 3d Am. Comp. at 17.  Merely stating that an underlying debt is "due and owing," in connection with a foreclosure action, does not constitute debt collection activity. See Saint Vil v. Perimeter Mortgage Funding Corp., No. 15-10347, 2015 WL 6575814, at *2 (11th Cir. Oct. 30, 2015) (unpublished).  Because these vague, conclusory allegations do not plausibly establish that Defendants actually demanded payment on an underlying debt, and thus that Plaintiff "has been the object of collection activity arising from consumer debt," Aluia, 2015 WL 3719368, at *3, Count X fails to state a claim for relief under the FDCPA.

## **IV. Conclusion**

After due consideration, it is

---

[7] Allegations elsewhere in the Third Amended Complaint refer to an "Assignment of Mortgage" that Plaintiff claims was "fraudulently created by Nationwide Title Company . . . under CitiMorgage's request." 3d Am. Compl. at 6; see also id. at 9 (Count I allegations concerning the creation of the Assignment of Mortgage).

-10-

**RECOMMENDED THAT:**

1. The Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 3) and Affidavit of Indigency (Doc. No. 4), that the Court collectively construes as a Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915, be **DENIED**.

2. This case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** in Jacksonville, Florida on February 3, 2016.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

clr
Copies to:

Pro se Party

The Honorable Marcia Morales Howard
United States District Judge